1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  TAMRA L. DORSEY a/k/a TAMRA L.          No.  2:18-cv-1256-JAM-KJN PS
    MECUM DORSEY
12

13                  Plaintiff,              ORDER AND

14           v.                             FINDINGS AND RECOMMENDATIONS

15  GARY RICCI, et al.,

16

17                  Defendants.

18

19       Plaintiff Tamra L. Dorsey, proceeding without counsel, commenced this action and

20  requested leave to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

21       A federal court has an independent duty to assess whether federal subject matter

22  jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

23  Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

24  to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties

25  raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).

26  The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject

27  matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original

28  jurisdiction over a civil action when:  (1) a federal question is presented in an action "arising

                                             1

under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of

citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

Liberally construed, plaintiff's complaint alleges that she obtained cash bail from

Sacramento Bail Bonds around December 9, 2016, and that the related criminal charges were

ultimately dropped.  Plaintiff acknowledges that she still owes money to Sacramento Bail Bonds,

but claims that she never put her home up for collateral.  Nevertheless, according to plaintiff,

Sacramento Bail Bonds and Placer Foreclosure Inc. have been attempting to foreclose on

plaintiff's home by purportedly offering false and fraudulent documents, seals, and records.

Plaintiff names as defendants Pete Lindgren, a notary and bail bond agent at Sacramento Bail

Bonds; Gary Ricci, the owner of Sacramento Bail Bonds; and Shannon Winford, an agent of

Placer Foreclosure Inc., who appears to be the trustee sale officer under a deed of trust

purportedly related to plaintiff's bail loan.  (See generally ECF No. 1.)

The court lacks federal question jurisdiction over this action.  Although plaintiff's

complaint references violations of certain federal criminal statutes, plaintiff, as a private citizen,

does not have standing to prosecute violations of federal criminal statutes.  Furthermore, to the

extent that plaintiff attempts to state a claim for violation of her constitutional rights under 42

U.S.C. § 1983, such as alleged deprivation of property without due process, such a claim is not

cognizable here, because defendants are not state actors.  See Franklin v. Fox, 312 F.3d 423, 444

(9th Cir. 2002).  Finally, to the extent that plaintiff attempts to state a claim for wrongful

foreclosure, that is a state law claim that should be pursued in state court.

The court also plainly lacks federal diversity of citizenship jurisdiction, because plaintiff

and all defendants are citizens of California.

Therefore, the court lacks subject matter jurisdiction over the action and recommends that

the case be dismissed.  However, such dismissal should be without prejudice, allowing plaintiff to

pursue any potential claims in state court.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The action be dismissed without prejudice for lack of subject matter jurisdiction.

2.  Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied

1  without prejudice as moot.

2      3. The Clerk of Court be directed to close this case.

3      In light of those recommendations, IT IS ALSO ORDERED that all pleading, discovery,

4  and motion practice in this action are STAYED pending resolution of the findings and

5  recommendations. With the exception of objections to the findings and recommendations, and

6  non-frivolous motions for emergency relief, the court will not entertain or respond to any motions

7  or filings until the findings and recommendations are resolved.

8      These findings and recommendations are submitted to the United States District Judge

9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties. Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

13  shall be served on all parties and filed with the court within fourteen (14) days after service of the

14  objections. The parties are advised that failure to file objections within the specified time may

15  waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th

16  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

17      IT IS SO ORDERED AND RECOMMENDED.

18  Dated: June 7, 2018

19

20  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

3